**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| MANUEL PÉRÉZ-PÉRÉZ, | CASE NO. 4:26-cv-00876 |
| Petitioner, | DISTRICT JUDGE JEFFREY J. HELMICK |
| vs. |  |
| | MAGISTRATE JUDGE AMANDA M. KNAPP |
| ATTORNEY GENERAL OF THE UNITED STATES, et al., | |
| Respondents. | **REPORT & RECOMMENDATION** |

On April 14, 2026, Petitioner Manuel Pérez-Pérez, a citizen of Mexico, acting pro se, filed a 28 U.S.C. § 2241 petition for release from immigration detention.  (ECF Doc. 1 ("Petition").)  Simultaneously, he filed the following motions:  Motion for appointment of counsel (ECF Doc. 2); Emergency motion for temporary restraining order and motion for immediate release (ECF Doc. 3); Emergency motion to expedite (ECF Doc. 4); and Emergency motion for stay of removal (ECF Doc. 5).

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  For the reasons set forth below, the undersigned recommends that the Court **DISMISS** the Petition and all pending motions as moot.

## I.       Procedural History

The Petition alleges that Respondents violated Petitioner's Fifth Amendment right to due process by detaining him for more than six months without providing a meaningful bond hearing.  (ECF Doc. 1.)  On April 30, 2026, Respondents filed a Return of Writ and responses to all pending motions.  (ECF Docs. 9, 10, 11, 12, 13.)  Petitioner's reply to the Return of Writ was

1

due on or before May 7, 2026 (ECF Doc. 6), but he did not file a reply in support of his Petition or any of the pending motions.

On May 14, 2026, the Court ordered Respondents to file a status report advising the Court as to Petitioner's custody status and the status of his removal proceedings.  (ECF Doc. 14.) If Petitioner was no longer in custody, he was ordered to show cause on or before May 26, 2026, why the Petition should not be dismissed as moot.  (*Id*.)

Respondents filed a status report on May 18, 2026, notifying the Court that Petitioner was granted a post-conclusion voluntary departure by an Immigration Judge ("IJ") and ordered to leave the United States by June 5, 2026, and that the Immigration Judge ordered that he be detained pending his departure.  (ECF Doc. 15, p. 1; *see* ECF Doc. 15-1.)  Petitioner did not file a response to the Court's order to show cause why the Petition should not be dismissed at moot.

Although Petitioner did not file his reply to the Return of Writ by May 7, 2026, as directed by the Court, he did file a second habeas petition in related case *Pérez-Pérez v. Attorney General of the United States*, Case No. 4:26-cv-01101 ("*Pérez-Pérez* II") on May 12, 2026.  That case was assigned and referred to the undersigned on June 1, 2026.  (*See* No. 4:26-cv-001101, Non-Doc. Order, dated 6/1/2026.)

In *Pérez-Pérez* II, the Court ordered respondents to file a status report advising the Court as to Petitioner's custody status.  (No. 4:26-cv-01101, ECF Doc. 6.)  The respondents filed a status report on June 8, 2026, asserting that the Petition in *Pérez-Pérez* II was moot because Petitioner had been released from detention and voluntarily departed the United States for Mexico.  (No. 4:26-cv-001101, ECF Doc. 8.)  In support, the respondents attached an ICE Form I-210, Voluntary Departure and Verification of Departure, affirming that Petitioner left the

2

United States via a charter flight from Alexandria, Louisiana on May 26, 2026.  (No. 4:26-cv-001101, ECF Doc. 8-1.)

On June 9, 2026, the copy of the Court's June 2 order in *Pérez-Pérez* II that was mailed to Petitioner was returned to the Clerk's Office as "Not deliverable as addressed unable to forward."  (No. 4:26-cv-001101, ECF Doc. 9.)  Respondents in *Pérez-Pérez* II indicated in their status report that they do not have a forwarding address for Petitioner.  (No. 4:26-cv-001101, ECF Doc. 8, p. 2.)  Since Petitioner failed to respond to the Court's order to show cause, was reportedly granted a voluntary departure, and has also reportedly left both federal custody and the United States, the undersigned concludes that a ruling on the Petition is now appropriate.

## II.       Discussion

### A.       The Petition Should Be Dismissed as Moot

"Article III, Section 2 of the United States Constitution authorizes the federal judiciary only to hear cases or controversies[.]"  *Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006).  Thus, "federal courts may not exercise jurisdiction when the controversy has been mooted, that is to say, when the 'issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"  *Id*. (quoting *Los Angeles County v. Davis,* 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969))).  *See also Enazeh v. Davis,* 107 F. App'x 489, 491 (6th Cir. 2004) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.") (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)).  The Supreme Court has recognized a narrow exception to this general rule when the released prisoner can establish that he will suffer a future collateral consequence resulting from the detention.  *See Lane v. Williams*, 455 U.S. 624, 632-33 (1982).  To establish a collateral consequence sufficient to avoid mootness, a habeas petitioner

3

must show "some concrete and continuing injury other than the now-ended incarceration[.]" *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

Here, as suggested in Respondents' May 18, 2026 status report (ECF Doc. 15) and confirmed in a status report filed in *Pérez-Pérez* II (No. 4:26-cv-001101, ECF Doc. 8), Mr. Pérez-Pérez is no longer detained by Immigration and Customs Enforcement.  The Verification of Departure affirms that he was released and voluntarily returned to Mexico on May 26, 2026. (No. 4:26-cv-001101, ECF Doc. 8-1.)  Therefore, the Court is unable to grant the relief requested in the Petition, namely, immediate release from immigration detention or a bond hearing.  (*See* ECF Doc. 1, p. 4.)  *Carras,* 807 F.2d at 1289.

In light of Mr. Pérez-Pérez's release from custody and departure from the United States, and his failure to identify any collateral consequences that could be remedied by granting his Petition, the undersigned recommends that the Court **DISMISS** his Petition as moot.  *See, e.g., Enazeh*, 107 F. App'x at 490-91 (finding the petitioner's deportation rendered his requests for release from detention and for an injunction against execution of a removal order moot); *Zhen v. Doe*, No. 3:25-CV-2812, 2026 WL 941577, at *2 (N.D. Ohio Apr. 7, 2026) (finding habeas petition moot where petitioner had been removed) (collecting cases finding the same).

**B.      The Pending Motions Should Be Dismissed as Moot**

Petitioner also filed a motion for counsel (ECF Doc. 2), requests for a restraining order, a preliminary injunction, a stay of removal (ECF Docs. 3, 5), and a motion to expedite (ECF Doc. 4).  Because there is no longer a live controversy in the case, and for the additional reasons discussed above, the undersigned recommends that the Court also **DISMISS** Mr. Pérez-Pérez's pending motions as moot.

### III.     Recommendation

For the reasons stated above, the undersigned recommends that the Court **DISMISS** the Petition (ECF Doc. 1), the Emergency Motion for Appointment of Counsel (ECF Doc. 2), the Emergency Motion for temporary restraining order and for immediate release (ECF Doc. 3), Emergency Motion to expedite (ECF Doc. 4), and the Emergency Motion for Stay of Removal (ECF Doc. 5) as moot.

Dated:   June 16, 2026

*/s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

### **OBJECTIONS**

 Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).